UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO

VENROD TRADING CO., INC.,

    Plaintiff,

v.

ASSOCIATED BRANDS, INC.,

    Defendant.

Civil No. 13-1265 (JAF)

**OPINION AND ORDER**

Plaintiff Venrod Trading Co., Inc. ("Venrod") is suing Associated Brands, Inc. ("Associated Brands"). (Docket No. 1.) Associated Brands initiated suit against Venrod in the U.S. District Court for the District of New Jersey two months before Venrod filed this complaint. (Docket No. 10.) Now, Associated Brands moves the court to dismiss Venrod's action before us, or to transfer it to the New Jersey district court. (Docket No. 10.) We grant the request for transfer. Associated Brands also asks us to impose sanctions upon Venrod's attorneys for imposing excessive costs. We deny this request without prejudice, allowing Associated Brands to raise it before the New Jersey court at the appropriate time.

On February 22, 2013, Associated Brands filed a complaint against Venrod in the U.S. District Court for the District of New Jersey, assigned to Judge Renee Marie Bumb. (Docket No. 10-1 at 7.) Associated Brands alleged that it delivered goods to Venrod, which Venrod agreed to pay for but did not. (Docket No. 10-1 at 17.) On April 2, 2013, Venrod filed a motion to dismiss that complaint. (Docket No 10-1 at 8.) The same day, Venrod filed a complaint against Associated Brands in the U.S. District Court for the

District of Puerto Rico. (Docket No. 1.) In the Puerto Rico complaint, Venrod alleged that Associated Brands breached the non-competition and confidentiality clauses in their packaging contract. (Docket No. 1.)

Back in New Jersey, Associated Brands and Venrod filed oppositions, cross-motions, and replies. (Docket No. 10-1 at 9-10.) On May 22, 2013, Judge Bumb denied Venrod's motion to dismiss or transfer the action. (Docket No. 10-1 at 13.) On July 9, Associated Brands and Venrod submitted a joint proposed discovery plan for the New Jersey action. (Docket No. 10-1 at 15.) In the space provided for any other issues, the parties wrote:

> At this time, there is a related matter between the same parties pending in the United States District Court for the District of Puerto Rico. Associated Brands, Inc. has requested that Venrod dismiss this case and file any claims it has related to the contracts between the Parties as a Counterclaim in the District of New Jersey. Venrod is considering this but has thus far refused to do so.

(Docket No. 10-1 at 20.) On July 17, 2013, Venrod filed an answer to the complaint with counterclaims against Associated Brands. (Docket No. 10-1 at 11.) In a July 10, 2013, scheduling order, the New Jersey court set a timetable for the progression of the case. (Docket No. 10-1 at 22.)

On July 24, 2013, Associated Brands filed a motion in our court to dismiss or, in the alternative, to transfer the case pursuant to 28 U.S.C. § 1404(a), in favor of the first-filed New Jersey action. (Docket No. 10.) In this motion, Associated Brands also requested that we impose sanctions against Venrod and/or its counsel by granting Associated Brands its reasonable attorney's fees and costs incurred in filing this motion.

(Docket No. 10.) On August 15, 2013, Venrod filed a memorandum in opposition to the motion to dismiss or transfer. (Docket No. 17.) On September 16, 2013, Associated Brands filed a reply. (Docket No. 20.) On November 4, 2013, Venrod filed a surreply. (Docket No. 24.) On November 13, 2013, Associated Brands filed a response in opposition to the surreply. (Docket No. 29.)

Under 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Actions involving "the same parties and similar subject matter" simultaneously pending in different district courts lead to "wasted resources because of piecemeal litigation, the possibility of conflicting judgments, and a general concern that the courts may unduly interfere with each other's affairs." TPM Holdings, Inc. v. Intra-Gold Indus. Inc., 91 F.3d 1, 4 (1st. Cir. 1996). To avoid such pitfalls, when "the overlap between the two suits is nearly complete," the court that first had jurisdiction typically decides the dispute while the other court defers. Id. When the overlap is less than complete, the second court looks to factors such as the "extent of overlap, the likelihood of conflict, the comparative advantage and the interest of each forum in resolving the dispute." Id.

Here, the two actions certainly involve the same parties and similar subject matter. Further, the overlap between the two suits appears nearly complete. Both actions center on a packaging and shipping contract between Associated Brands and Venrod. (Docket No. 1; Docket No 10-1.) The New Jersey action was filed months before the action in our court, and has progressed farther. (Docket No. 10-1.) Therefore, we defer to the jurisdiction of the New Jersey court and transfer this case for possible consolidation.

Associated Brands also asks the court to order that Venrod's counsel pay for excessive costs that were incurred. (Docket No. 10.) Under 28 U.S.C. § 1927, "any attorney … who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. We choose not to impose these sanctions, but they may be raised before the New Jersey court at an appropriate time.

For the foregoing reasons, Associated Brands' motion to dismiss or, in the alternative, to transfer (Docket No. 10) is **GRANTED IN PART** and **DENIED IN PART**. This case is **TRANSFERRED** to the U.S. District Court for the District of New Jersey. The request for sanctions is **DENIED** without prejudice.

**IT IS SO ORDERED.**

San Juan, Puerto Rico, this 30th day of January, 2014.

S/José Antonio Fusté
JOSE ANTONIO FUSTE
U. S. DISTRICT JUDGE
